IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **HAROLD DÍAZ TORIBIO** <br><br> Plaintiff <br><br> V. <br><br> **COMMONWEALTH OF PUERTO RICO;** <br><br> **CIARY PÉREZ PEÑA, SECRETARY OF HOUSING** In her official and personal capacity, **TIANA PEREZ CARABALLO** in her official capacity; **HECTOR MARTINEZ ROSADO** in his official capacity; **CHRISTIAN RIOS VALLEJO** in his official and personal capacity <br><br> Defendant. | CASE NO. 26-1152 MAJ <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. VIOLATION OF THE EQUAL PROTECTION CLAUSE TO THE US CONSTITUTION <br> 2. VIOLATION OF THE FIRST AMENDMENT TO THE US CONSTITUTION <br> 3. Violation to the Americans with Disabilities Act of 1990, 42 U.S.C. §12112 and § 12203 <br> 4. Violation of Section 504 of Rehabilitation Act of 1973 <br> 5. Violation of Due Process of Law (Fourteenth Amendment, 42 U.S.C. § 1983) <br> 6. Violation of Article II, Section 1 of the Commonwealth of Puerto Rico Constitution <br> 7. Violation of Employment Retaliation, Act No. 115-1991 <br> 8. Violation of Workplace Harassment, Act No. 90-2020 <br> 9. Violation of Conduct Contrary to Principles of Ethics and Good Governance, Act No. 2-2018 <br> 10. Violation of Article 1536 of the Puerto Rico Civil Code <br> 11. Defamation |

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

Plaintiff Harold Díaz Toribio respectfully files this Complaint for damages and injunctive relief against the Defendants and alleges as follows:

**I. JURISDICTION AND VENUE**

1. This action arises under the Constitution and laws of the United States, including:

   - 42 U.S.C. §1983

   - The Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et seq.

   - 42 U.S.C. §12203 (ADA retaliation)

   - The First and Fourteenth Amendments to the United States Constitution.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

3. Supplemental jurisdiction over related Puerto Rico law claims exists under 28 U.S.C. §1367.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391, because the events giving rise to this action occurred in Puerto Rico.

## II. PARTIES

5. Plaintiff Harold Díaz Toribio is an attorney who has served as Legal Advisor in the Division of Federal Compliance and Subrecipient Management of the Office of Disaster Recovery of the Puerto Rico Department of Housing since June 16, 2022. His contact information is as follows:

    PMB 677 PO BOX 6017
    Ave. Monserrate
    Carolina, Puerto Rico 00984-6017
    Tel: (787) 568-8543
    Email: harolddiaz11@gmail.com

6. Defendant Commonwealth of Puerto Rico operates the Puerto Rico Department of Housing.

7. Defendant Ciary Pérez Peña is the Secretary of Housing and was responsible for overseeing the agency where Plaintiff worked. The defendants' place of employment is:

    Avenida Barbosa 606
    Edificio Juan C. Cordero
    Río Piedras, PR

    PO Box 21365
    San Juan, PR 00928-1365

8. Defendant Christian Ríos Vallejo served as Plaintiff's direct supervisor during the events described herein.

9. Defendant Tiana Pérez Caraballo served as Acting Secretary of Housing during portions of the events described herein.

10. Defendant Héctor Martínez Rosado served as Assistant Secretary of the Procurement and Acquisitions Division.

11. At all relevant times, Defendants acted under color of state law.

## III. FACTUAL ALLEGATIONS

A. Plaintiff's Disability and Employer Knowledge

12. Plaintiff suffers from mental health conditions including generalized anxiety disorder.

13. Plaintiff's supervisors were aware of these conditions because Plaintiff repeatedly informed them when requesting time off for medical treatment.

14. Plaintiff had previously received reasonable accommodation related to his mental health condition.

### B. Workplace Harassment Complaints

15. On August 18, 2025, Plaintiff filed two workplace harassment complaints under Puerto Rico Law 90-2020.

16. One complaint was filed against Defendant Christian Ríos Vallejo, who was Plaintiff's supervisor.

17. Another complaint involved the conduct of Dr. María Ivette Cabeza Díaz.

18. These complaints detailed multiple alleged violations of workplace regulations and civil rights protections.

### C. Retaliatory Employment Actions

19. Shortly after filing these complaints, Plaintiff experienced several adverse employment actions.

20. On August 20, 2025, Plaintiff was transferred to the Procurement and Acquisitions Division.

21. Shortly thereafter, a previously scheduled interview for a transfer to the Legal Division was cancelled by Tiana Perez Caraballo, giving place to a retaliation complaint against her.

22. Plaintiff interpreted these actions, except the one established in paragraph 20, as retaliatory.

### D. Continued Harassment and Failure to Protect Plaintiff

23. On September 2, 2025, Plaintiff filed an additional workplace harassment complaint related to discriminatory conduct against Hector Martinez Rosado.

24. Despite these complaints, Plaintiff was not reassigned to a different workspace and was located near Martinez Rosado.

25. Plaintiff reported the situation to the agency, but no corrective action was taken.

### E. Relocation to Area with Surveillance Camera

26. On September 29, 2025, Plaintiff was relocated to a workspace located directly next to the only security camera in the division.
27. Plaintiff suffers from generalized anxiety disorder and informed the agency that the camera location caused severe anxiety.
28. On October 1, 2025, Plaintiff notified Human Resources that the relocation constituted retaliation.
29. On October 2, 2025, Plaintiff obtained a medical certificate confirming that the workspace assignment caused excessive anxiety.
30. On October 2, 2025, the Secretary of Housing's attorneys appeared in court and falsely claimed that the complainant was harassing Hon. Ciary Pérez Peña.
31. Despite the previous certification, the employer did not relocate Plaintiff until October 7, 2025, for different reasons related to the anxiety of the Plaintiff.

### F. Administrative Complaints and Protected Activity

32. Plaintiff filed multiple administrative complaints and communications regarding discrimination and retaliation, including complaints before:

- the Equal Employment Opportunity Commission (EEOC),
- the Office of Government Ethics,
- the Office of the Inspector General,
- and other governmental entities.

33. Plaintiff also filed several EEOC charges alleging discrimination and retaliation.
34. The EEOC issued multiple Right-to-Sue notices related to these charges (515-2026-00018, 515-2026-0045, 515-2026-00054, and 515-2026-00152). **Exhibit 1-4** The first one is on December 16, 2025.

### G. Disciplinary Actions After Protected Activity

35. On November 24, 2025, Plaintiff was summoned to a meeting with his supervisor and other officials.
36. During the meeting, Plaintiff received a verbal warning regarding attendance issues.
37. Plaintiff had previously received highly positive performance evaluations.

38. Plaintiff believes the warning was issued in retaliation for filing EEOC complaints.

H. Escalating Workplace Hostility

39. Plaintiff continued to experience increased supervisory scrutiny and duplicated supervision not imposed on other employees.
40. Plaintiff repeatedly requested institutional dialogue regarding these issues but received little or no response.
41. Plaintiff's supervisor also allegedly disclosed confidential personal information about Plaintiff to third parties.

I. Severe Emotional and Psychological Harm

42. The continued workplace conditions caused significant psychological distress.
43. In December 2025, Plaintiff required hospitalization at San Juan Capestrano Psychiatric Hospital.
44. Plaintiff remained hospitalized from December 17 through December 23, 2025, and subsequently participated in a partial hospitalization program.

J. Pattern of Retaliation

Taken together, the events described above demonstrate a clear and escalating pattern of retaliation against the Plaintiff after he engaged in protected activity. Immediately after Plaintiff filed extensive workplace harassment complaints on August 18, 2025, against supervisory officials, the conditions of his employment began to deteriorate. Shortly thereafter, a previously scheduled interview for a transfer to the Legal Division was cancelled by senior management defendant Tiana Pérez Caraballo. Plaintiff was subsequently placed in close proximity to one of the officials against whom he had filed a complaint, defendant Héctor Martínez Rosado, despite repeated notifications to the agency regarding the psychological harm caused by that arrangement. The agency later relocated Plaintiff to a workstation directly adjacent to the only surveillance camera in the division, despite knowledge of his generalized anxiety disorder and kept him there after being informed that the placement caused severe anxiety.

At the same time, Plaintiff's supervisors increased scrutiny of his work, imposed forms of duplicate supervision not applied to similarly situated employees, recorded his verbal interventions in meetings, and issued a verbal warning regarding attendance shortly after

Plaintiff filed additional complaints with the EEOC. Plaintiff was also subjected to repeated administrative omissions, including the failure to acknowledge or respond to multiple formal communications and requests for institutional dialogue. The retaliation escalated further when the Secretary's attorneys publicly accused Plaintiff of harassment in court proceedings, and when the agency issued so-called final resolutions in the internal harassment investigations without findings of fact or conclusions of law.

The temporal proximity between Plaintiff's protected activities and these adverse actions, combined with the progressive escalation of hostile conduct, demonstrates a continuous pattern of retaliatory behavior designed to intimidate Plaintiff, chill his exercise of protected rights, and interfere with his employment. Ultimately, the cumulative effect of these retaliatory acts caused severe emotional and psychological harm, culminating in Plaintiff's psychiatric hospitalization in December 2025.

## IV. CAUSES OF ACTION

The following causes of action arise from the retaliatory pattern described above.

**COUNT I**

ADA DISCRIMINATION

(42 U.S.C. §12112)

45. Plaintiff incorporates the preceding paragraphs.
46. Plaintiff is a qualified individual with a disability.
47. Defendants were aware of Plaintiff's disability.
48. Defendants subjected Plaintiff to adverse employment actions.
49. These actions include workplace assignments that aggravated Plaintiff's medical condition and disciplinary actions following protected activity.
50. Defendants' actions constitute discrimination under the ADA.

**COUNT II**

ADA RETALIATION

(42 U.S.C. §12203)

51. Plaintiff engaged in protected activity by:

    - filing internal complaints,
    - filing EEOC charges,
    - requesting reasonable accommodation.

52. Defendants subsequently subjected Plaintiff to adverse employment actions.

53. These actions were causally connected to Plaintiff's protected activity.

54. Defendants' conduct constitutes unlawful retaliation under the ADA.

**COUNT III**

Rehabilitation Act—Section 504

(29 U.S.C. §794)

55. Plaintiff realleges the preceding paragraphs.

56. The Puerto Rico Department of Housing receives substantial federal funding, including funds related to disaster recovery programs administered by the Office of Disaster Recovery.

57. Plaintiff is a qualified individual with a disability.

58. Defendants had actual knowledge of the plaintiff's disability.

59. Defendant's conduct constitutes discrimination under Section 504 of the Rehabilitation Act.

**COUNT IV**

VIOLATION OF THE FIRST AMENDMENT

(42 U.S.C. §1983)

60. Plaintiff exercised his constitutional right to petition the government for redress of grievances.

61. Plaintiff communicated with public officials and oversight entities regarding alleged misconduct. Plaintiff's communications with external oversight entities addressed matters of public concern, including governmental misconduct and misuse of authority.

62. Defendants retaliated against Plaintiff for exercising these rights.

## COUNT V

VIOLATION OF THE EQUAL PROTECTION CLAUSE

(42 U.S.C. §1983)

63. Plaintiff was subjected to disparate treatment compared to similarly situated employees (Carmen Zenaida Merced), denying him harassment case resolutions without conclusions of facts and law.

64. This treatment included restrictions to his workplace and supervisory practices not imposed on others (any other lawyer in the division). There was disproportionate control over the duties compared to his peers, including the preparation of minutes documenting my verbal interventions in meetings.

## COUNT VI

Violation of Due Process Clause (Stigma Plus Doctrine)

65. The Secretary of Housing made false and stigmatizing accusations that the plaintiff had engaged in harassment. These accusations were made by a government official acting under color of state law and were communicated to third parties. As a result of these accusations, the plaintiff's professional reputation was severely damaged, and he was subjected to adverse employment consequences, thereby depriving him of liberty interests protected by the Due Process Clause.

## COUNT VII

PUERTO RICO LAW CLAIMS

66. Defendants' conduct also violated Puerto Rico law, including:

- Law 115 (employment retaliation)
- Law 90 (workplace harassment)
- Article 1536 of the Puerto Rico Civil Code.
- Defamation by the Secretary of Housing

## VIII. DAMAGES

67. As a result of Defendants' actions, Plaintiff suffered:

- emotional distress
- headache and chest pain
- loss of professional reputation
- medical expenses
- psychological harm.
- Advanced academic plans and intellectual development were adversely impacted, including studies the plaintiff was forced to abandon due to the emotional (cumulative GPA of 4.0) and physical deterioration caused by the pattern.
- Two partial psychiatric hospitalizations and one traditional psychiatric hospitalization.

68. Plaintiff seeks compensatory damages, punitive damages, and equitable relief.

69. At the time of filing this lawsuit, the EEOC has three charges pending against the employer for allegedly violating regulations similar to those already outlined.

## IX. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Enter judgment in favor of Plaintiff.
2. Award compensatory damages.
3. Award punitive damages where applicable.
4. Grant equitable and injunctive relief.
5. Award costs and attorney's fees.
6. Grant any other relief deemed just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, March 13, 2026

Harold Diaz Toribio
Plaintiff, Pro Se
PMB 677 PO BOX 6017
Ave. Monserrate
Carolina, Puerto Rico 00984-6017
Tel: (787) 568-8543
Email: harolddiaz11@gmail.com